IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| George A. Cousins, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 8:19-cv-3021-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Warden Kendall, ) | |
| ) | |
| Respondent. ) | |

Petitioner George A. Cousins ("Petitioner"), a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 25, 2019. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Currently pending before the court are Respondent's motions to strike and for summary judgment, (ECF Nos. 19, 34), and Petitioner's motions for an evidentiary hearing and to appoint counsel, to amend and supplement the pleadings, and to expand the record, (ECF Nos. 30, 37, 49). On June 1, 2020, the magistrate judge issued a Report and Recommendation ("Report"), which recommends that Respondent's motion to strike, (ECF No. 19), and Petitioner's motion for an evidentiary hearing and to appoint counsel, (ECF No. 30), be denied. (ECF No. 56 at 29). The Report further recommends that Petitioner's motions to amend and supplement the pleadings, (ECF No. 37), and to expand the record, (ECF No. 49), be granted. *Id*. Finally, the Report recommends that Respondent's motion for summary judgment be granted and the Petition be denied. *Id*. Petitioner has filed multiple objections to the Report. (ECF Nos. 66, 68, 72).[1]

---

[1] Petitioner filed an additional supplement to his objections to the Report on July 13, 2020. (ECF No. 74). However, the time for Petitioner to file any objections to the Report expired on July 2, 2020. *See* (ECF No. 62). Therefore, because these additional objections are untimely, the court declines to consider them. *See* (ECF No. 75).

1

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Petitioner has filed this Petition *pro se*; thus, this court is charged with construing the Petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Petitioner's failure to allege facts that set forth a cognizable claim in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## I.     BACKGROUND/PROCEDURAL HISTORY

The magistrate judge set forth a thorough and complete account of the facts in her Report. (ECF No. 56 at 2–6). Briefly, Petitioner is currently incarcerated at the Lieber Correctional Institution in Ridgeville, South Carolina. *See* (ECF No. 1-6). On January 18, 2011, Petitioner was indicted for murder and possession of a firearm during the commission of a violent crime in Marlboro County, South Carolina. (ECF No. 33-1 at 109–14). On May 24, 2012, Petitioner, who

was represented by Richard Jones ("Plea Counsel"), pled guilty to the charge for possession of a firearm during the commission of a violent crime and to voluntary manslaughter, a lessor included offense of the murder charge. *See id*. at 1, 6–34. Following Petitioner's plea, the court sentenced Petitioner to thirty years imprisonment for voluntary manslaughter and five years for possession of a firearm during the commission of a violent crime to run concurrently. *Id*. at 36.

On May 30, 2012, plea counsel filed a motion for reconsideration of Petitioner's sentence. (ECF No. 33-2). The court held a hearing on the motion on April 8, 2013, at which Petitioner was represented by a new attorney, Stuart Axelrod. *See* (ECF No. 33-1 at 38–44). Following the hearing, the court granted the motion and reduced Petitioner's thirty-year sentence for voluntary manslaughter to twenty-seven years. (ECF No. 33-3). Petitioner did not appeal his conviction or sentence. *See* (ECF No. 33-1 at 47).

Rather, in May of 2014, Petitioner filed an application for post-conviction relief ("PCR") alleging (1) his guilty plea was involuntary and had been induced by plea counsel's assurance that he would be sentenced to approximately 15 years; (2) ineffective assistance of plea counsel based on his promise that Petitioner would receive only a 15-year sentence if he pled guilty; and (3) violation of his due process rights. *Id*. at 46–52. The court held a hearing on Petitioner's PCR application on July 18, 2017, at which Petitioner was represented by Lance S. Boozer. *See id*. at 62–100. On December 13, 2017, the PCR court issued an order denying Petitioner's application with prejudice. *Id*. at 102–10. The South Carolina Commission on Indigent Defense filed a petition for a writ of certiorari in the South Carolina Supreme Court on Petitioner's behalf. (ECF No. 33-4). The only issue raised for the Supreme Court's review was "[w]hether plea counsel provided ineffective assistance of counsel when he guaranteed to Petitioner that if he pled guilty . . . he would receive fifteen (15) years' imprisonment, and where Petitioner relied on plea counsel's

3

guarantee, pled guilty, and received thirty (30) years' imprisonment . . . ." *Id*. at 3. The Supreme Court transferred the appeal to the South Carolina Court of Appeals, which denied the petition for writ of certiorari on October 9, 2019. *See* (ECF No. 33-6).

Subsequently, Petitioner filed the instant action pursuant to 28 U.S.C. § 2254 on October 22, 2019, raising multiple claims of ineffective assistance of plea counsel and violation of his due process rights. *See* (ECF No. 1). For relief, Petitioner asks the court for a new trial or to have his sentence reduced to 15 years. *See* (ECF No. 1-4 at 15).

## II.     DISCUSSION

**The Magistrate Judge's Report**

With respect to Petitioner's motions for an evidentiary hearing and to have counsel appointed, the magistrate judge recommends the motions be denied. (ECF No. 56 at 26–27). Specifically, the magistrate judge noted that there is no constitutional right to counsel in federal habeas proceedings and that when "'the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel,'" *id*. (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)).

The magistrate judge also recommends that Petitioner's motions to amend and supplement his pleadings and to expand the record be granted and that Respondent's motion to strike be denied. *Id*. at 27–28. In particular, the magistrate judge necessarily considered the additional evidence presented by Petitioner—detailed information from a 911 call Petitioner placed on the night of the shooting, a *Miranda* form, an envelope showing the date he asserts he received his Rule 5 discovery, and his arrest warrant—in order to evaluate his claim of actual innocence. *See id*. at 17–19, 28–29. Accordingly, the magistrate judge found that Petitioner's motions to amend and supplement his pleadings and to expand the record should be granted, but that consideration of the

4

additional evidence be limited solely to evaluation of Petitioner's actual innocence claim. *Id*. at 29. Consequently, the magistrate judge recommends Respondent's motion to strike the attachments to the Petitioner be denied. *Id*.

Petitioner's § 2254 motion raises eight grounds for relief: grounds one, two, three, six, and seven raise claims for ineffective assistance of plea counsel; ground four asserts that Petitioner's due process rights were violated; ground five claims Petitioner was never read his *Miranda* rights; and in ground eight, Petitioner argues that the Rule 5 discovery he received was incomplete and that he was arrested for murder before the victim had died. *See* (ECF Nos. 1 at 5–10; 1-4 at 5–10). As to the merits of the Petition and Respondent's motion for summary judgment, the magistrate judge concluded that: grounds one, three, four, six, and part of ground seven are procedurally barred because they raise claims of ineffective assistance of counsel and due process violations that were neither raised in Petitioner's PCR application nor ruled upon by the PCR court, *id*. at 16–17; ground five, asserting that he was never read his *Miranda* rights, is procedurally barred because Petitioner did not file an appeal, nor did he raise this ground in his PCR application, *id*. at 17; and ground eight, asserting that his Rule 5 discovery was incomplete and he was arrested prior to the victim's death, fails to state a cognizable claim for federal habeas review because it does not assert a violation of the Constitution, law, or treaties of the United States, *id*. at 15. The magistrate judge considered the additional evidence Petitioner attached to his Petition and found that he has failed to present any new, reliable evidence establishing by clear and convincing evidence that Plaintiff is factually innocent. *Id*. at 17–19. Therefore, finding that Petitioner cannot establish his factual innocence and has failed to make any argument to establish cause and actual prejudice, the magistrate judge recommends the court deny the Petition as to each of these claims. *See id*.

Finally, as to ground two and the non-barred portion of ground seven—asserting that Petitioner's plea counsel was ineffective for guaranteeing Petitioner would receive a 15-year sentence if he plead guilty—the magistrate judge considered whether the state PCR court's decision was contrary to or an unreasonable application of federal law. *See id*. at 19–25. Specifically, the magistrate judged addressed whether the state PCR court's application of the *Strickland* standard for ineffective assistance of counsel was unreasonable. *See id*. Having reviewed the record from the PCR hearing, the magistrate judge found that the PCR court applied the correct legal standard under *Strickland* and that its decision denying Petitioner's application for PCR was not unreasonable or contrary to Supreme Court precedent. *Id*. at 22–24.

**Petitioner's Objections**

Petitioner filed objections to the Report. (ECF Nos. 66, 68, 72). Liberally construing his first set of objections, Petitioner argues the magistrate judge erred in finding that the PCR court's decision was not an unreasonable application of the facts to the *Strickland* standard for ineffective assistance of counsel. *See* (ECF No. 66). However, Petitioner merely restates the conclusory allegations and arguments set forth in his Petition and summary judgment briefing. *See id*.; *see also* (ECF Nos. 1; 1-4; 47; 48). Objections which merely restate arguments already presented to and ruled on by the magistrate judge do not constitute specific objections. *See Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012). Additionally, objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also*

6

*Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Accordingly, the court need only review this portion of the Report for clear error. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

The court finds that the magistrate judge thoroughly considered Plaintiff's ineffective assistance claims. *See* (ECF No. 56 at 16–25). As noted by the magistrate judge, the bulk of Petitioner's ineffective assistance claims were neither presented to nor ruled upon by the PCR court and are, therefore, procedurally barred from federal habeas review absent a showing of factual innocence or cause and actual prejudice, which Petitioner has failed to establish. *See id*. at 16–19. Additionally, with respect to Petitioner's claim that his plea counsel was ineffective for promising that he would only receive a 15-year sentence if he pled guilty, the magistrate judge found that "the PCR court applied the correct legal standard and the record fails to demonstrate the court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from Supreme Court precedent[.]" *Id*. at 24. The court finds no clear error in the magistrate judge's analysis or conclusions and agrees that Respondent is entitled to summary judgment as to Petitioner's ineffective assistance claims. Thus, Petitioner's first set of objections are overruled.

Petitioner's second set of objections appears to disagree with the magistrate judge's conclusion that Petitioner has failed to present new evidence establishing his actual innocence by clear and convincing evidence. *See* (ECF No. 68). However, again, Petitioner's objections fail to identify any factual or legal error in the magistrate judge's analysis as to actual innocence. Instead, his objections merely list and describe "exhibits"—although there are no documents attached to or

included with his objections—that he claims to be evidence of his innocence. *See id*. Specifically, Petitioner argues the court should consider the following: "Exhibit One" – a gunshot residue laboratory report from the South Carolina Law Enforcement Division ("SLED"); "Exhibit Two" - plea counsel's notes from an initial meeting with Petitioner on November 2, 2011; and "Exhibit Three" – a record of call details from the 911 call Petitioner placed on the night of the shooting. *Id*.

As an initial matter, these do not constitute specific objections to the magistrate judge's report. *See Orpiano*, 687 F.2d at 47. Additionally, the court finds that the magistrate judge already fully considered "Exhibit Three," the 911 call record, in her report when analyzing Petitioner's claim of actual innocence and recommending the court grant Petitioner's motion to expand the record. (ECF No. 56 at 17–19, 27–29). The court finds no error in the magistrate judge's analysis or her conclusions (1) that the record should be expanded to include the call record for purposes of analyzing Petitioner's claim of actual innocence and (2) that the record does not constitute clear and convincing evidence of Petitioner's innocence. Therefore, Petitioner's objection regarding the 911 call record, "Exhibit Three," is overruled.

With respect to the other two "exhibits" raised in Petitioner's objections—the SLED gunshot residue report and plea counsel's notes—these documents are not part of the record in this case and were never presented to or considered by the magistrate judge. (ECF No. 68 at 1–3). Federal district "[c]ourts have frowned upon objections to R&Rs that make new arguments that serve as a new basis for" a petitioner's claims and, thus, "the court is not obligated to consider new arguments raised by a party for the first time in objection to the magistrate's report." *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. March 31, 2017); *see also Mason v. Warden, Graham Correctional Institution*, Civ. A. No. 5:15-

cv-04963-RBH, 2017 WL 1044848, at *6 (D.S.C. March 20, 2017) ("the [c]ourt need not consider a claim raised for the first time in a habeas petitioner's objections"); *Clark v. Thompson*, Civ. A. No. 0:12-cv-02669-RBH, 2014 WL 1234347, at *2 (D.S.C. March 25, 2014) (noting petitioner's new argument raised for the first time in his objections "must be overruled as untimely and thus improper"). Accordingly, these objections are entirely unrelated to the findings and conclusions in the magistrate judge's Report and are, therefore, overruled.[2]

In his third set of objections, Petitioner restates arguments concerning his due process claim and his claim that he did not receive his Rule 5 discovery and makes numerous allegations entirely unrelated to the magistrate judge's findings or conclusions. *See* (ECF No. 72). As noted above, these do not constitute specific objections to the Report and do not trigger *de novo* review. The court finds the magistrate judge thoroughly addressed both Petitioner's due process claim and his claim regarding his Rule 5 discovery, and correctly concluded that Respondent is entitled to summary judgment on both claims. (ECF No. 56 at 15, 17). Therefore, finding no clear error, these objections are also overruled.

### III.   CONCLUSION

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 56), which is incorporated herein by reference. Accordingly, the Respondent's Motion for Summary Judgment (ECF No. 34) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED.** Additionally, Petitioner's motions to amend and supplement the pleadings (ECF No. 37) and to expand the record (ECF No. 49) are **GRANTED**, and Respondent's motion to strike (ECF No. 19) is

---

[2] Furthermore, despite the fact that Petitioner has filed multiple motions to expand the record, *see* (ECF Nos. 19, 59), Petitioner has made no such motion with respect to these documents raised in his objections, nor did he make any mention of these documents in his prior motions. Accordingly, the documents described in these objections are not properly before the court and will not be considered. *See* 28 U.S.C. § 2254(e)(2).

**DENIED**.   Finally, Petitioner's motion for an evidentiary hearing and to appoint counsel (ECF No. 30) is **DENIED**.[3]

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  Accordingly, the court declines to issue a certificate of appealability as to the issues that were ruled upon in this Order.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
July 28, 2020

---

[3] Petitioner's pending Second Motion to Expand the Record (ECF No. 59) is hereby **DENIED as moot**.  The motion restates arguments Petitioner has repeated throughout his pleadings and briefing in this case and does not seek to include any additional documents in the record beyond those raised in his initial motion (ECF No. 49), which has been granted herein.